May, J
delivered the opinion of the court. The first question which arises here, is, has this court jurisdiction ? In other words, is this proceeding, in its nature, a civil or a *729 criminal one '!■ To determine it, we must look to the nature of the act or offence which is complained of, and the judgment rendered, rather than to the mode of proceeding prescribed by the statute or adopted by the court. The act or offence is one injurious to the public generally, and not to individuals; it is a nuisance; emphatically, a public offence; and the judgment of the court is for the abatement of that nuisance. It is for the benefit, not of any individual, but of the public: it condemns White to no remuneration of private injury, but to the forfeiture of a valuable grant, declared by the law to be indispensable to his iron works, and represented by him to involve a heavy loss. But, it is said, the privilege to White was a grant on certain conditions: and that this, being a proceeding for the purpose of ascertaining whether lie has not lost the privilege, by failing to comply with the conditions, and not being by indictment or information, is, therefore, a civil proceeding. The single condition of this grant was, that he should erect, and keep in repair a lock or slope sufficient for the passage of fish, boats &c. Had the law terminated with tin's provision, what course must have been pursued, to abate the dam, when the condition had been broken? Certainly, a prosecution by indictment or information. Can the abatement of a nuisance become a civil proceeding, merely because a statutory remedy, more simple or more summary has been specially prescribed, or because the nuisance has resulted from the breach of the condition of a statutory grant? Suppose that the second section of the statute, instead of the plenary power, thereby delegated to the county court, had authorized an information to be filed, without any previous rule, and a trial of the case upon process returnable inslanler; or that, standing in ils present form, it had required furthermore, that the court should imprison the proprietor, until the dam should be abated: would the proceeding have been a civil one ? Surely, no. The dam, then, being declared to be a nuisance, and liable to be abated, upon the condition before stated, we arc of opinion, that the proceeding for that purpose, in *730 whatsoever form prescribed, is, in its nature, a criminal proceeding; and, therefore, that this court has jurisdiction.
The second question is, whether the proceedings have conformed with the provisions of the statute ? It may well be doubted what particular course was in contemplation of the legislature; for none is distinctly indicated; and it is well known, that very little attention is bestowed by that body, generally, on the details of statutes of a local or private nature. But we may safely affirm, that it was not intended, that the proceeding should assume the form of a motion, in the name and behalf of private individuals, upon a notice given by them, and admitted to record by the court, without any perceptible motive or object. What possible information could White derive from the notice given, and the orders made at November term, except that two individuals complained of his dam and slope, and that the court intended, at a future day, to investigate the complaint? Suppose, however, that he had taken a different view, and had made such alterations as might satisfy those persons; what could prevent another, who perhaps might disapprove of that change, from taking precisely the same step, at the next term ? Every change of plan might leave some one dissatisfied ; and, if the court should ever sustain the complaint of any person whatever, the inevitable consequence, according to the judgment in this case, would be the destruction of the dam. Although the county court had been satisfied (as it seems, in fact, it was) that proper alterations might be made, and that a reasonable time ought to be allowed for the purpose, rather than pronounce a judgment which might involve the ruin of the proprietor; yet it is contended, that the notice of two individuals, given and admitted to record three months before, should, without any evidence or investigation whatever on the part of the court, require White to commence altering his slope, at the peril, of having his dam prostrated as a nuisance, and probably his costly and valuable machinery and other works destroyed, if the court should be of opinion, that there was the slightest obstruction to the navigation, at the moment of its action on the sub *731 ject. The intention of the legislature should be strongly expressed, and the mode of proceeding distinctly indicated, before we should adopt a construction, which would lead to results so harsh. For these reasons, we are of opinion, that the proceeding under the notice and on the motion of individuals was illegal
It is said, however, that although this mode be improper; yet the court made substantially the proper orders, in the first instance, and allowed White the proper time to alter his slope. But it had no power capriciously or arbitrarily to make orders, which were likely to have such important effects on the rights of this individual. It should have had legal evidence to prove that the slope was not in the condition required by law, before any order whatever was made: whereas it is obvious that it proceeded on the belief, that the notice given was the proper initiatory step, and that the first orders made, were merely formal matters, in order to a hearing and decision of the controversy. The plaintiff in error doubtless adopted the same idea: and thus when he ascertained the opinion of the court to bo that his slope was insufficient, he discovered at the same moment, that the utter destruction of his dam and works was to be the unavoidable consequence. Considering, therefore, that these proceedings were irregular and illegal from the commencement, we are of opinion, that the motion to quash them ought to have been sustained.
But we are also of opinion, that after the county court had decided upon the insufficiency of the slope, it was competent to it to allow a reasonable time for the making of such alterations as would render it sufficient. The statute docs not mandatorily direct the court, in all events, to abate the dam, at the instant when, after three months notice, it adjudges it to be an obstruction of the navigation; it gives the court full power, at any time, to do so, if after such notice, it shall be, in its opinion, insufficient. Laws must be construed reasonably and with reference to their subject matter. If after the notice in this case, While had, by proper locks or slopes, obviated all obstructions to the naviga *732 ^011’ anc^ immediately before the term of the court, at which the cause was to be decidéd, a'tempest or fresh should have destroyed the works'erected for that purpose, will it be'coritended, that the court had no power, except to complete the destruction which' the hand of providence had left impe'ri feet? ' '
When we reflect that the legislature designed to confer a benefit bn White, for a purpose which it declared its wish to promote'; that a dam or other works erected' across any water course, and especially across' mountain rivets, would always be liable to occasional accidents and injuries; and that the reparation of them must be a work of time; we cannot but presume, that thé legislature designed to confer, as indeed their language implies, full power ón tlie county court, to act with a just discretion iii the matter.
For these reasons, the orders of both courts must be reversed. ” . •